**DOCKETED**
**DEC 2 4 2003**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**
**DEC 2 2 2003**
**JUDGE AMY ST. EVE**
**United States District Court**

| | | |
|---|---|---|
| TRANSPERSONNEL, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 03 C 00611 |
| ROADWAY EXPRESS, INC., a Delaware corporation, | ) ) ) | Judge Amy St. Eve |
| Defendant. | ) ) | |

## DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

Defendant, Roadway Express, Inc. ("Roadway"), by counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1(a), and for its Statement of Undisputed Facts, Description of Parties, and Facts Supporting Venue and Jurisdiction, states as follows:

### I.

### PARTIES

1. Plaintiff, Transpersonnel, Inc. ("Transpersonnel"), is an Illinois corporation with its principal place of business in Milwaukee, Wisconsin. Complaint, ¶ 2.

2. Roadway is a Delaware corporation with its principal place of business in Akron, Ohio. Complaint, ¶ 3; Answer and Affirmative Defenses ("Answer"), ¶ 3.

### II.

### VENUE AND JURISDICTION

1. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Complaint, ¶¶ 4, 6; Answer, ¶¶ 4, 6.



2. This Court has personal jurisdiction over Roadway because Roadway does business within the Northern District of Illinois. Complaint, ¶ 7; Answer, ¶ 7.

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a), (b) and (c). Answer, ¶ 8.

### III.

### UNDISPUTED MATERIAL FACTS

1. On May 2, 1986, Roadway entered into a written agreement (the "Agreement") with Transpersonnel pursuant to which Roadway agreed to lease employees of Transpersonnel for use as drivers in connection with Roadway's motor carrier operations. Agreement, attached to Complaint as Exhibit 1; Affidavit of Phillip D. Stanoch, ¶4, attached hereto as Exhibit B.

2. Transpersonnel entered into two successive collective bargaining agreements ("the CBAs") with Teamsters Local Union No. 705 ("Local 705"), affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America during the time the Agreement between Roadway and Transpersonnel was in force. The first CBA was in effect from April 1, 1985 until March 31, 1988. Master Agreement "I", Article 36, attached hereto as part of Exhibit A. The second CBA recited that it would be in effect from April 1, 1988 until March 31, 1991 and from year to year thereafter unless terminated by one of the parties. Master Agreement "II", Article 36, attached hereto as part of Exhibit A. Transpersonnel was obligated under each of these CBAs to make contributions to the Local 705 International Brotherhood of Teamsters Pension Fund (the "Pension Fund") on the employees' behalf "in accordance with the applicable Supplemental Agreement." Master Agreement "I" and "II", Article 25, attached hereto as part of Exhibit A with applicable Supplemental Agreements. The two applicable Supplemental Agreements, attached hereto as part of Exhibit A, detail the specific daily rate of Transpersonnel's

2

Pension Fund contribution obligation. <u>See</u> <u>Supplemental Agreements "I" and "II"</u>, Article 25, attached hereto as part of Exhibit A.

3.  Pursuant to paragraph four of its Agreement with Roadway, Transpersonnel was obligated to "pay the drivers' wages and provide any of the benefits required by any applicable bargaining agreement between [Transpersonnel] and any authorized representative of any collective bargaining unit . . . ." <u>Agreement</u>, ¶ 4.

4.  Roadway was not a signatory to any CBA with respect to Transpersonnel's employees and was not obligated under any applicable CBA to pay any contribution to the Pension Fund with respect to the Transpersonnel employees that Roadway leased from Transpersonnel. Exhibit B, <u>Stanoch Affidavit</u>, ¶5, attached hereto as <u>Exhibit B</u>.

5.  The Agreement was a "cost-plus" contract, under which Roadway would pay Transpersonnel a service fee for leasing its employees, plus the amount of the employees' wages, "in addition to such payroll costs as Unemployment Compensation Taxes, Social Security Taxes, Workers Compensation, Liability and Bonding Premium payments." <u>Agreement</u>, Schedule A, ¶B; <u>Deposition of Phillip D. Stanoch</u>, at 18, attached hereto as <u>Exhibit C</u>.

6.  In addition, under the "cost-plus" contract, Roadway was obligated to:

> reimburse [Transpersonnel], at cost, for all applicable employee benefits, including . . . pension fund contributions, and other similar items paid to or on behalf of [Transpersonnel's] employees as a result of a union agreement obligation, including benefits furnished, paid, or accruing to or for the account of such employees as a result of any statute, regulation or rule related to such agreement, benefit or payment.

<u>Agreement, Schedule A</u>, ¶ C.

7.  On July 1, 2002, the Pension Fund notified Transpersonnel that Transpersonnel had incurred withdrawals as defined under the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA"). 29 U.S.C. §§ 1381-1453 for the years 1995, 1997 and 1998, and that Transpersonnel's

total withdrawal liability to the Pension Fund was $441,846.96 as calculated by the Pension Fund in accordance with the MPPAA. <u>Demand for Arbitration Pursuant to ERISA Section 4221</u>, attached hereto as <u>Exhibit D</u>; <u>Complaint</u>, ¶18.

8. The Pension Fund, however, has never claimed that Roadway is responsible for any portion of Transpersonnel's withdrawal liability under the MPPAA as an "employer". <u>Exhibit B, Stanoch Affidavit</u>, ¶6; <u>Complaint</u>, ¶ 20.

Dated this 18th day of December, 2003.

Respectfully submitted,

_____
James H. Hanson
R. Jay Taylor, Jr.
William D. Brejcha
Attorneys for Defendant, Roadway Express, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following by depositing the same in the United States Mail, First Class, postage prepaid on this _____ day of December, 2003:

Mark A. Spognardi
Phillip M. Schreiber
HOLLAND & KNIGHT, LLC
131 S. Dearborn, 30th Floor
Chicago, IL 60603

_____
William D. Brejcha

4

James H. Hanson
R. Jay Taylor, Jr.
SCOPELITIS GARVIN LIGHT & HANSON
10 W. Market Street, Suite 1500
Indianapolis, IN 46204
Telephone: (317) 637-1777
Telefax: (317) 687-2414
e-mail: jhanson@scopelitis.com
e-mail: jtaylor@scopelitis.com

William D. Brejcha
SCOPELITIS GARVIN LIGHT & HANSON
30 W. Monroe, Suite 600
Chicago, IL 60603
Telephone: (312) 422-1200
Telefax: (312) 422-1224
e-mail: bbrejcha@scopeltis.com

# SEE CASE FILE FOR EXHIBITS